[Civ. No. 1584.   First Appellate District.—December 15, 1915.]

## WILEY B. ALLEN COMPANY (a Corporation), Respondent, v. R. L. EDWARDS, Appellant.

GIFT—PURCHASE OF PIANO FOR CHILD.—Where a stepdaughter, living with her mother and stepfather in every respect as a daughter, entered into a written contract for the purchase of a piano and gave in part payment of the purchase price an old piano, bought by the mother many years before, but paid for by the stepfather, which latter piano was purchased to be used by the daughter, and the balance of the purchase price of the new piano, which was payable in installments, was paid either by the daughter, her mother, or the stepfather, from moneys earned by the latter, the piano being purchased for the exclusive use of the daughter and being constantly referred to by the members of the family as her piano, and being delivered to her personally at the residence of her mother and stepfather, all that was done with reference to the purchase of the first piano and its exchange and the purchase of the second one being with the knowledge and consent of the stepfather, under the circumstances the stepfather intended to make a gift of the new piano to the stepdaughter, and the delivery, although not formal, was sufficient to constitute a valid gift.

ID.—DELIVERY—WHAT CONSTITUTES.—While in the case of one's child the necessity of a delivery is not dispensed with in order to constitute a gift, the formal ceremony of a delivery is not absolutely

necessary, but it is sufficient if it appears that the donor intended an actual gift at the time, and evidenced his intention by some act which may be fairly construed into a delivery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

John Ralph Wilson, for Appellant.

Fred J. Goble, for Respondent.

KERRIGAN, J.—This is an action in claim and delivery for the possession of a Mason & Hamlin piano or its value, conceded to be one thousand two hundred dollars. The appeal is taken by the defendant from the judgment, and is before this court upon a statement of the case.

From the evidence it appears that at a time perhaps as far back as twenty years ago the defendant married the mother of Eloise Edwards, a widow, and in the year 1894, when Eloise was about five years old, Mrs. Edwards bought in her name a Knabe piano, which was paid for by the defendant. The piano was purchased to be used by Eloise who, even at that early age, had shown considerable musical talent, and who later and at the time this case was tried was generally recognized as a talented musician. In the year 1911 Eloise and her mother entered into negotiations with the plaintiff for the purchase of a new piano, which negotiations culminated in a written contract between Eloise and the plaintiff, whereby the former agreed to purchase the piano in dispute in this action. The old piano was to be taken in part payment of the new one, the sum of $450 being credited therefor upon the price of the latter, and the balance of the purchase price was to be paid in monthly installments. In January, 1912, Mrs. Edwards died, and the following year defendant and Eloise quarreled and became estranged. Prior to that time and since she was a little child Miss Edwards had lived with the defendant as his own daughter, being entirely dependent upon him for her support, and occupying as to him in every respect the position of daughter. All the monthly payments on account of the new piano were made either by Eloise or her mother or by the defendant, but in every in-

stance with money earned by the defendant. There is still due on account of the purchase price thereof a small amount. No default in payment, however, has been made and none is claimed. Prior to the commencement of the action Eloise assigned her interest in the piáno to the plaintiff, and plaintiff's right to recover herein is based entirely upon Miss Edwards' right to the possession of the instrument as its owner. While too much stress must not be attached to the fact that this piano was purchased for the exclusive use of Miss Edwards, and was constantly referred to by the members of the family as her piano, it is of considerable significance, when correlated with the other facts in the case, that the contract for the purchase of the instrument was made in her name, and that it was delivered to her personally at the residence of her mother and stepfather. All that was done with reference to the purchase of the first piano and with reference to its exchange and the purchase of the second one, was with the knowledge and acquiescence of the defendant.

We think from the evidence in the case that it is clear that the defendant intended to make a gift of the new piano to his stepdaughter; and we think, too, that while there was never any formal delivery to her of the piano, there was nevertheless, under the circumstances of the case, a sufficient actual delivery thereof to constitute a valid and subsisting gift. (14 Am. & Eng. Ency. of Law, 1020, 1033.) The piano being bulky forbade manual delivery, and the only possession its nature admitted of, so far as defendant's stepdaughter was concerned, consisted in its exclusive use in her home under a claim of ownership. (*Ross* v. *Draper*, 55 Vt. 404, [45 Am. Rep. 624].) Miss Edwards was regarded in every respect by the defendant as his child; and while in the case of one's child the necessity of a delivery is not dispensed with in order to constitute a gift, the formal ceremony of a delivery is not absolutely necessary, but it is sufficient if it appears that the donor intended an actual gift at the time, and evidenced his intention by some act which may be fairly construed into a delivery. (29 Cyc. 1659; *Colby* v. *Portman*, 115 Mich. 95, [72 N. W. 1098]; *Bennett* v. *Cook*, 28 S. C. 353, [6 S. E. 28].)

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.